IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,   )
successor to National City Bank,    )
successor to Mid America Bank, fsb, )
                                 )
               Plaintiff,   ) Case No. 1:11-cv-04732
                                 )
    v.                       )
                                 )
RJLE, INC., an Illinois corporation,) Assigned Judge:
NAPERVILLE PROFESSIONALS, INC.,    ) Hon. William J. Hibbler
JENNIFER M. CONTE, RICHARD A. CONTE,)
LISA A. MULCAHY, ELLEN C. BATINICK, ) Magistrate Judge:
PLAINFIELD PROFESSIONALS, INC., CCM ) Hon. Morton Denlow
PARTNERS, INC., UNITED STATES SMALL )
BUSINESS ADMINISTRATION and SMALL   )
BUSINESS GROWTH CORPORATION,        )
                                 )
            Defendants.   )

**AFFIDAVIT OF PROOF**

I, Susan B. Kruesi, being first duly sworn, depose and upon my oath state that if called to testify in these proceedings, I would on personal knowledge competently testify as follows:

1.  I am a Vice President of PNC Bank, National Association, successor to National City Bank, successor to Mid America, fsb (the "Plaintiff" or "PNC") and duly authorized representative of Plaintiff in the above-captioned cause and I am duly authorized to make this affidavit on behalf of Plaintiff.  In that regard I am personally familiar with the loan transactions between Plaintiff and the Defendant, RJLE, Inc. ("RJLE"), as stated in the Complaint to Foreclose Mortgage and for Other Relief filed of record in the above-captioned cause (the "Complaint") and the documents

maintained in the ordinary course of business of Plaintiff relative to the transaction which are attached as exhibits to the Complaint. Pursuant to my duties as a duly authorized representative of Plaintiff, I have personal knowledge of the matters alleged in the Complaint and they are true.

2.    PNC Bank is a national banking association, the main office of which is located in the State of Pennsylvania and organized under the laws of the State of Delaware.  On November 6, 2009, the Comptroller of Currency certified the merger of National City Bank and PNC Bank.  Effective February 9, 2008 Mid America Bank, fsb merged with and into National City Bank.  A true and correct copy of the Certificate detailing the bank succession is attached as Exhibit A to the Complaint and is incorporated herein by reference. (Page ID# 25-27).

3.    The defendant, RJLE, is an Illinois corporation with its principal place of business in Illinois.

4.    The defendant, Naperville Professionals, Inc. ("Naperville Professionals"), is an Illinois corporation with its principal place of business in Illinois.

5.    The defendant, Jennifer M. Conte ("Ms. Conte"), is a citizen of the State of Illinois, and was at all times referenced in this Complaint a resident of the State of Illinois.

6.   The defendant, Richard A. Conte ("Mr. Conte"), is a citizen of the State of Illinois, and was at all times referenced in this Complaint a resident of the State of Illinois.

7.   The defendant, Lisa A. Mulchay ("Ms. Mulcahy"), is a citizen of the State of Illinois, and was at all times referenced in this Complaint a resident of the State of Illinois.

8.   The defendant, Ellen C. Batinick ("Ms. Batinick"), is a citizen of the State of Illinois, and was at all times referenced in this Complaint a resident of the State of Illinois.

9.   The defendant, Plainfield Professionals, Inc. ("Plainfield Professionals"), is an Illinois corporation with its principal place of business in Illinois.

10.  The defendant, CCM Partners, Inc. ("CCM"), is an Illinois corporation with its principal place of business in Illinois.

11.  The defendant, United States Small Business Administration ("USSBA"), is a party to this action pursuant to 28 U.S.C. 2410(a).

12.  The defendant, Small Business Growth Corporation ("SBGC"), is an Illinois corporation with its principal place of business in Illinois.

13.  On or about November 30, 2006, Plaintiff extended credit to RJLE in the amount of Two Million, One Hundred Forty-Two Thousand Dollars ($2,142,000.00)("Loan"). As evidence of the Loan, on November 30, 2006, Mr. Conte, as President and authorized

representative of RJLE, Ms. Conte, as Vice President and authorized representative of RJLE, Ms. Mulcahy, as Treasurer and authorized representative of RJLE and Ms. Batinick, as Secretary and authorized representative of RJLE, executed a Promissory Note dated November 30, 2006, in favor of Plaintiff, in the principal amount of Two Million, One Hundred Forty-Two Thousand Dollars ($2,142,000.00) (the "Note"). A true and correct copy of the Note is <u>attached as Exhibit B to the Complaint</u> and is incorporated herein by reference. (Page ID# 28-30).

14. As security for the indebtedness of RJLE due to Plaintiff pursuant to the terms of the Note, on November 30, 2006, Mr. Conte, as President and authorized representative of RJLE, Ms. Conte, as Vice President and authorized representative of RJLE, Ms. Mulcahy, as Treasurer and authorized representative of RJLE and Ms. Batinick, as Secretary and authorized representative of RJLE, executed a Mortgage dated November 30, 2006 (the "Mortgage"). The Mortgage was given against the property commonly known as 2272 W. 95th Street, Naperville, Illinois 60564 (the "Property") and recorded with the Will County Recorder of Deeds (the "Recorder") on January 9, 2007 as document number R2007005344. A true and correct copy of the Mortgage is <u>attached as Exhibit C to the Complaint</u> and is incorporated herein by reference.(Page ID# 31-45).

15. As additional security for the Note, on November 30, 2006, Ms. Conte personally executed a Commercial Guaranty in favor

4

of the Plaintiff ("Guaranty-1") unconditionally guarantying all obligations of RJLE owing to the Plaintiff, including, without limitation, the obligations arising under the Note. A true and correct copy of Guaranty-1 is <u>attached as Exhibit D to the Complaint</u> and is incorporated herein by reference. (Page ID# 46-49).

16. As additional security for the Note, on November 30, 2006, Mr. Conte personally executed a Commercial Guaranty in favor of the Plaintiff ("Guaranty-2") unconditionally guarantying all obligations of RJLE owing to the Plaintiff, including, without limitation, the obligations arising under the Note. A true and correct copy of Guaranty-2 is <u>attached as Exhibit E to the Complaint</u> and is incorporated herein by reference. (Page ID# 50-53).

17. As additional security for the Note, on November 30, 2006, Ms. Mulcahy personally executed a Commercial Guaranty in favor of the Plaintiff ("Guaranty-3") unconditionally guarantying all obligations of RJLE owing to the Plaintiff, including, without limitation, the obligations arising under the Note. A true and correct copy of Guaranty-3 is <u>attached as Exhibit F to the Complaint</u> and is incorporated herein by reference. (Page ID# 54-57).

18. As additional security for the Note, on November 30, 2006, Ms. Batinick personally executed a Commercial Guaranty in

5

favor of the Plaintiff ("Guaranty-4") unconditionally guarantying all obligations of RJLE owing to the Plaintiff, including, without limitation, the obligations arising under the Note. A true and correct copy of Guaranty-4 is <u>attached as Exhibit G to the Complaint</u> and is incorporated herein by reference. (Page ID# 58-61).

19. As additional security for the Note, on November 30, 2006, Mr. Conte, as President and authorized representative of Plainfield Professionals, Ms. Conte, as Vice President and authorized representative of Plainfield Professionals and Ms. Mulcahy, as Secretary and authorized representative of Plainfield Professionals, executed a Commercial Guaranty in favor of the Plaintiff ("Guaranty-5") whereby Plainfield Professionals unconditionally guaranteed all obligations of RJLE owing to the Plaintiff, including, without limitation, the obligations arising under the Note. A true and correct copy of Guaranty-5 is <u>attached as Exhibit H to the Complaint</u> and is incorporated herein by reference. (Page ID# 62-65).

20. As additional security for the Note, on November 30, 2006, Mr. Conte, as President and authorized representative of CCM, Ms. Conte, as Vice President and authorized representative of CCM and Ms. Mulcahy, as Secretary and authorized representative of CCM, executed a Commercial Guaranty in favor of the Plaintiff ("Guaranty-6") whereby CCM unconditionally guaranteed all

obligations of RJLE owing to the Plaintiff, including, without limitation, the obligations arising under the Note. A true and correct copy of Guaranty-6 is <u>attached as Exhibit I to the Complaint</u> and is incorporated herein by reference. (Page ID# 66-69).

21. As additional security for the Note, on November 30, 2006, Mr. Conte, as President and authorized representative of Naperville Professionals, executed a Commercial Guaranty in favor of the Plaintiff ("Guaranty-7") whereby Naperville Professionals unconditionally guaranteed all obligations of RJLE owing to the Plaintiff, including, without limitation, the obligations arising under the Note. A true and correct copy of Guaranty-7 is <u>attached as Exhibit J to the Complaint</u> and is incorporated herein by reference. (Page ID# 70-73).(Guaranty-1, Guaranty-2, Guaranty-3, Guaranty-4, Guaranty-5, Guaranty-6 and Guaranty-7 are collectively the "Guaranties"). (Ms. Conte, Mr. Conte, Ms. Mulcahy, Ms. Batinick, Plainfield Professionals, CCM and Naperville Professionals are collectively the "Guarantors"). (The Note, the Mortgage and the Guaranties are collectively the "Loan Documents").

22. Pursuant to the terms of the Note, RJLE was to, *inter alia*, repay the principal balance of the Note with interest accruing thereon to be paid in monthly installments as set forth in the Note beginning on January 3, 2007 and continuing on the 3rd day of each month thereafter.

7

23. RJLE is and has been in default under the terms and conditions of the Note as a result of its failure (i) to make payments required by the Note in a timely manner; and (ii) to pay real estate taxes on the Property when due and owing.

24. By virtue of RJLE's breach of its obligations to PNC Bank as stated above, the Guarantors have also breached their obligations to PNC Bank arising under the Guaranties by failing to perform RJLE's obligations under the Note.

25. As a result of said default, the Plaintiff, through counsel, demanded payment of all amounts due under the Loan, as is set forth in the letter dated May 17, 2011, sent to RJLE and each of the Guarantors ("Demand Letter").  A true and correct copy of the Demand Letter is underlined attached as Exhibit K to the Complaint and is incorporated herein by reference. (Page ID# 74-76).

26. The amounts outstanding and due and owing from RJLE and the Guarantors to Plaintiff pursuant to the Loan Documents as of January 12, 2012 are as follows:

| | |
|---|---|
| Principal: | $ 2,029,455.69 |
| Interest: | $   352,916.56 |
| Late Fees: | $    26,876.87 |
| **TOTAL:** | **$ 2,409,249.12** |

Interest will continue to accrue pursuant to the terms and provisions of the Note.

27. Pursuant to the terms of the Loan Documents, RJLE and the Guarantors agreed to reimburse the Plaintiff for any expenses,

including but not limited to reasonable attorney's fees, incurred by the Plaintiff in enforcing its rights under the Loan Documents.

28.    The matters set forth in this Affidavit are true in substance and in fact and are based upon my own personal knowledge and upon my personal review of the Loan Documents now held and maintained in the normal and ordinary course of Plaintiff's business, specifically the payoff calculation for the Note dated as of January 12, 2012 (the "Payoff").  A true and correct copy of the Payoff is attached hereto and made a part hereof as <u>Exhibit 1</u>.

29.    I prepared the attached Payoff in the regular course of business of Plaintiff and it was the regular course of Plaintiff's business at or around the date the Payoff was generated to produce such documents.

30.    The Payoff was generated from Plaintiff's electronic accounting/payment management system (the "System") which automatically calculates, tracks and maintains balances and interest owed based upon parameters inputted into the System as set forth in the underlying obligation, in this case the Note, and triggered by payment activity in relation to the obligation.  It is Plaintiff's regular and ordinary course of business to enter incoming credits, payments or costs into the System at or near the time payments or credits are received and all credits and payments made to Plaintiff for application to the indebtedness of the Note are reflected in the Payoff.

31. The System is recognized as standard in the banking industry and produces an accurate record in the form of the Payoff when properly employed and I properly employed and operated the System to generate the Payoff. The System operates on computing equipment recognized as standard in the banking industry and is utilized in the regular course of Plaintiff's business.

32. I have personal knowledge of and would competently testify to the foregoing matters if called upon to do so at trial.

FURTHER AFFIANT SAYETH NOT.

Susan B. Kruesi

Sworn to and Subscribed before me this _12th_ day of _January_, 2012

Notary Public

"OFFICIAL SEAL"
Lauren Parkinson
Notary Public, State of Illinois
My Commission Expires 4/14/2014