IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, successor to National City Bank, successor to Mid America Bank, fsb, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:11-cv-04732 ) |
| v. | ) ) |
| RJLE, INC., an Illinois corporation, NAPERVILLE PROFESSIONALS, INC., JENNIFER M. CONTE, RICHARD A. CONTE, LISA A. MULCAHY, ELLEN C. BATINICK, PLAINFIELD PROFESSIONALS, INC., CCM PARTNERS, INC., UNITED STATES SMALL BUSINESS ADMINISTRATION and SMALL BUSINESS GROWTH CORPORATION, | ) Assigned Judge: ) Honorable Judge Hibbler ) ) Magistrate Judge: ) Honorable Judge Denlow ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' FIRST AFFIRMATIVE DEFENSE**

NOW COMES the plaintiff, PNC Bank, National Association, successor to National City Bank, successor to Mid America Bank, fsb ("PNC Bank"), by and through its attorneys, Thomas J. Dillon, Wendy Kaleta Skrobin, Timothy J. Somen and McFadden & Dillon, P.C. and for its Response to Defendants Affirmative Defenses, states as follows:

**FIRST AFFIRMATIVE DEFENSE - STANDING**

**Paragraph No. 1.:**

> "At the time the Complaint was filed, the Plaintiff was neither the owner nor the holder of the Note, Mortgage, nor the Guaranties at issue."

Answer to Paragraph No. 1.:

PNC Bank denies each and every allegation contained in

Affirmative Defense Paragraph No. 1 and demands strict proof thereof.

**Paragraph No. 2.:**

> "The Note, Mortgage, and Guaranty attached to Plaintiff's own Complaint all specify MidAmerica Bank, fsb as Lender."

Answer to Paragraph No. 2.:

PNC Bank admits the allegations contained in Affirmative Defense Paragraph No. 2.

**Paragraph No. 3.:**

> "The purported "Certificate" attached to Plaintiff's Complaint as Exhibit A is not the true certificate of any merger involving MidAmerica Bank, fsb."

Answer to Paragraph No. 3.:

PNC Bank denies each and every allegation contained in Affirmative Defense Paragraph No. 3 and demands strict proof thereof.

**Paragraph No. 4.:**

> "There is attached to that purported "Certificate" an official certification of merger between Plaintiff, PNC Bank, and National City Bank. (Exhibit "A" to Plaintiff's Exhibit A.) But nothing therein establishes the successor relationship between National City Bank and MidAmerica Bank, fsb, the Lender."

Answer to Paragraph No. 4.:

PNC Bank denies each and every allegation contained in Affirmative Defense Paragraph No. 4 and demands strict proof thereof.

**Paragraph No. 5.:**

> "On information and belief, there is no successor relationship between National City Bank and MidAmerica Bank, fsb, the Lender."

Answer to Paragraph No. 5.:

PNC Bank denies each and every allegation contained in Affirmative Defense Paragraph No. 5 and demands strict proof thereof.

**Paragraph No. 6.:**

> "As such, at the time the Complaint was filed, Plaintiff was not the Mortgagee as defined by Section 735 ILCS 5/15-1208 and Plaintiff has no standing to seek foreclosure relief through 735 ILCS 5/15-1101, *et seq.*, under the terms of the Mortgage attached to the Complaint."

Answer to Paragraph No. 6.:

PNC Bank denies each and every allegation contained in Affirmative Defense Paragraph No. 6 and demands strict proof thereof.

Respectfully submitted,

/s/ Wendy Kaleta Skrobin
One of the attorneys for plaintiff, PNC Bank, National Association, successor to National City Bank successor to Mid America Bank, fsb.

Thomas J. Dillon (ARDC#3124223)
Wendy Kaleta Skrobin (ARDC#6226119)
Timothy J. Somen (ARDC#6279438)
McFadden & Dillon, P.C.
120 S. LaSalle Street, Suite 1335
Chicago, Illinois 60603
(312) 201-8300